**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4301

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARRICK T. FERGUSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Chief District Judge.  (CR-03-310)

Submitted:  July 29, 2005          Decided:  August 19, 2005

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul P. Vangellow, PAUL P. VANGELLOW, P.C., Falls Church, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Jonathan L. Fahey, Richard D. Cooke, Special Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Darrick T. Ferguson was convicted by a jury of conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000), and possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). He was sentenced to 360 months of imprisonment and ten years of supervised release. On appeal Ferguson, challenging only his sentence, claims that he was improperly sentenced under the Federal Sentencing Guidelines in light of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).

The district court found that the career offender enhancement, U.S. Sentencing Guidelines Manual § 4B1.1(b)(A) (2003), applied to Ferguson. Although the district court resolved and denied objections to the quantity of drugs attributed and possession of a firearm, and sustained an objection to an obstruction of justice enhancement, the career offender designation determined the applicable offense level and resulting guideline range. Because the maximum penalty for Ferguson's offense was life imprisonment, see 21 U.S.C. § 841, the applicable offense level was 37. USSG § 4B1.1(b)(A). Under the career offender guideline, the criminal history category is VI, resulting in the guideline range of 360 months to life imprisonment. USSG Ch.5, Pt. A. Ferguson received a 360-month sentence. On appeal, Ferguson does not

contest that he qualified for career offender status; instead, he broadly challenges the designation on <u>Booker</u> grounds.[1]

In <u>United States v. Harp</u>, this court, applying the plain error standard, found that, even if the district court committed plain error when it determined that defendant was a career offender without the elements of that designation having been charged in an indictment, this court would not exercise its discretion to correct that error. 406 F.3d 242, 247 (4th Cir. 2005). In <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), the Supreme Court held that "the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." Although the opinion in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), expressed some uncertainty regarding the future vitality of <u>Almendarez-Torres</u>, this court has subsequently clarified that <u>Almendarez-Torres</u> was not overruled by <u>Apprendi</u>, and remains the law. <u>See</u> <u>United States v. Sterling</u>, 283 F.3d 216, 220 (4th Cir. 2002); <u>see generally</u> <u>Shepard v. United States</u>, 125 S. Ct. 1254 (2005) (discussing documents that a sentencing court may consider in determining whether a prior conviction is considered a violent felony). We

_____

[1]Ferguson's brief contests that the district court determined the offense level based on facts not found by the jury, but does not specifically attack the propriety of the career offender designation.

- 3 -

therefore conclude that the district court did not err in designating Ferguson as a career offender and Ferguson's sentence did not violate the Sixth Amendment.

We therefore affirm Ferguson's convictions and sentence.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2]Ferguson does not contest his convictions.